UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *ZANE CAGLE, Individually, and in a Representative Capacity for All Persons Identified by RSMo 537.080*<br><br>**Plaintiff**,<br><br>vs.<br><br>*NHC HEALTHCARE MARYLAND HEIGHTS ET AL*,<br><br>Defendants. | Case No.: 4:21-CV-01431 |

### SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

COMES NOW, Plaintiff, Zane Cagle and in support of his Motion for Remand states as follows:

### I.  STATEMENT OF THE CASE

This case arises out of Plaintiff's contention that NHC Maryland-Heights, LLC, committed malpractice resulting in the wrongful death of his father, Willis Cagle. See Plaintiff's Petition attached as Exhibit 1. Plaintiff's claim is brought pursuant to Missouri law under the Missouri Wrongful Death Statute § 537.080.  He alleges NHC Maryland-Heights, LLC, was negligent in that:

A. They failed to follow individualized infection control during the pandemic.

B. They failed to timely separate Willis Cagle from COVID-infected individuals.

C. They failed to move Willis to a hospital after he contracted COVID and exhibited multiple COVID symptoms.

### II.  ARGUMENT AND CITATION OF AUTHORITY

**A.  No diversity of citizenship.**

28 U.S.C. § 1332(a) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." Per Plaintiff's Petition, both Plaintiff and Defendants Morley-Taylor and Loraine are Missouri citizens. NHC Defendants do not dispute this fact in its Notice of Removal. Therefore, there is no diversity of citizenship. 28 U.S.C. § 1332 requires complete diversity of citizenship before a case is removable. Therefore, this case is not removable.

NHC Defendants rely on 28 U.S.C. § 1441(b)(2), which states: "(b) Removal Based on Diversity of Citizenship - (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In other words, 28 U.S.C. § 1441(b)(2) says that even if there is diversity of citizenship, the case cannot be removed if a properly joined and served defendant is a citizen of the forum state.

NHC Defendants argue that because it filed its Notice of Removal prior to Defendants Morley-Taylor and Loraine being served, the case is removable. However, the first requirement of 28 U.S.C. § 1441(b)(2) is that the case be "otherwise removable" on the basis of the jurisdiction pursuant to 28 U.S.C. § 1332. Here, the case is not "otherwise removable" because there is no diversity of citizenship.

As discussed below, NHC Defendants are correct that some courts have denied motions to remand in cases where removal occurs before a forum defendant is served. However, in every one of those cases there was complete diversity of citizenship. Here, there is not complete diversity of citizenship.  Thus, per the plain language of 28 U.S.C. § 1441(b)(2), the case is not

otherwise removable and the fact that the Notice of Removal was filed prior to Defendants Morley-Taylor and Loraine being served is irrelevant. This Court does not have subject matter jurisdiction; therefore, this case should be remanded.

**B.  Regardless of timing of service on Defendants there is not complete diversity of citizenship between the parties.**

Federal courts are courts of limited jurisdiction. Myers v. Richland County, 429 F.3d 740, 745 (8th Cir. 2005). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620.

"[D]iversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). The time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570–71 (2004). A district court must take into account the citizenship of all named defendants, even if unserved, to determine whether the court possess diversity jurisdiction.

3

Pecherski v. General Motors Corp., 636 F.2d 1156, 1160-61 (8th Cir. 1981).  As noted by the Eighth Circuit, "allowing unserved defendants to be ignored for removal purposes would create needless jurisdictional problems." Id. at 1161.

In Pecherski, the Eighth Circuit held that the enactment of § 1441(b) did not "qualify the requirement of complete diversity; rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought." Id. at 1161. In Pecherski, the defendant made the argument "that under the 'joined and served' language of § 1441(b), a defendant seeking removal need only establish that those defendants who have been properly joined and served are not citizens of the state in which the action is brought. Id. at 1160.  The Eighth Circuit rejected this argument, holding  "Despite the 'joined and served' provision of section 1441(b), the prevailing view is that mere failure to serve a defendant who would defeat diversity does not permit a court to ignore that defendant in determining the propriety of removal." Id.  The court went on to conclude that "section 1441(b) did not change the removal requirement set forth in Pullman Co. v. Jenkins, 305 U.S. 534 (1939) that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service." Id. at 1160-61.  Per 28 U.S.C. § 1332(a) and § 1441(b)(2), complete diversity of citizenship is a prerequisite to removal under § 1441(b)(2).

That prerequisite does not exist in this case as Plaintiff and Defendants Morley-Taylor and Loraine are citizens of Missouri. The "service issue" and the "diversity of parties" issue are separate. Johnson v. Precision Airmotive, LLC, 2007 WL 4289656, at *5 (E.D. Mo. Dec. 4, 2007). (emphasis added).  Unlike the case at bar, Johnson involved completely diverse parties.

4

Only once the requirement of complete diversity is met does the separate "service issue" become relevant.

Notably, the Johnson opinion denying Plaintiff's Motion for Remand was an Eastern District of Missouri opinion authored by Judge Perry.  Judge Perry also authored theopinion in Voisey v. Adams & Associates, Inc., 2017 WL 5171107 (E.D. Mo. Nov. 8, 2017) where she granted Plaintiff's Motion to Remand.  The key difference in Voisey, as in the case at bar, was there was not complete diversity between all parties. Id. at *1.

In Voisey, Plaintiff was a Missouri citizen.  Plaintiff sued Adams & Associates, Inc. ("Adams") and its CEO, both non-Missouri citizens. Id. at *1.  Plaintiff also sued 3 Adams' employees who all were Missouri residents per Plaintiff's Petition. Id.  Prior to the 3 employees being served, Adams filed its Notice of Removal. Id.

There was a dispute over whether the 3 employees were truly Missouri citizens. Id. at *1-2. However, Adams argued the citizenship of any unserved employee-defendant was not relevant because non-served defendants are not considered in the diversity analysis. Id. at *2. In response the Court stated: "Defendant's argument about whether the employee-defendants have been 'properly joined and served' is misplaced. It is the citizenship of the defendants, not whether they have been served, that determines whether diversity jurisdiction exists." Id.

The Court further stated, "[t]he basic requirement of 28 U.S.C. § 1332(a)(1) that parties indiversity actions must be citizens of different States must not be confused with what is sometimes referred to as the "forum-defendant rule" under 28 U.S.C. § 1441(b)(2)." Id.  Citing the language of 28 U.S.C. § 1441(b)(2), and Pecherski, the Court stated,  "[w]here there is no

5

complete diversity between the parties in an action, it cannot be "otherwise removable" under § 1332(a), regardless of whether or not service has occurred." Id. The Court "may not ignore the citizenship of a defendant for the sole reason that the defendant was not served at the time of removal." Id. Accordingly, the Court must consider all named defendants, regardless of service in determining the propriety of removal based on diversity of citizenship. Id.

In Voisey, there was a dispute about the citizenship of the 3 employees, however the court held that Defendant Adams had not met its burden of proving by a preponderance of the evidence that one of the employees was not a Missouri citizen. Id. Accordingly, the Court granted Plaintiff's Motion for Remand on the basis that there was not diversity of citizenship. Id. at *3.

Pecherski, as cited by Voisey is still good law in the 8th Circuit. The case at bar is exactly the same as Pecherski and Voisey in that there is not complete diversity of citizenship. For removal to be proper, NHC Defendants must show by a preponderance of the evidence that there is diversity of citizenship regardless of when service on Defendants Morley-Taylor and Loraine occurred. NHC Defendants offer no evidence that there is diversity of citizenship among all parties.

C.   **No federal question.**

The 8th Circuit has held that federal question jurisdiction is based on the claims made in the petition and cannot be created by invoking a federal statute as an affirmative defense. M. Nahas & Co. v. First National Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir. 1991). The Supreme Court in Caterpillar Inc. v. Williams stated only state court actions that originally could have been filed in federal court may be removed to federal court. 482 U.S. 386, 392

6

(1987). TheCourt went on to say that a case may not be removed to federal court on the basis of federal defense, including the defense of preemption. Id. This is true even if the defense is anticipated from Plaintiff's Petition for Damages. Id.

Plaintiff's claims are based in state law and present no federal question. NHC Defendants' basis for removal under the PREP Act is based on the argument that it preempts the state law claims and provides immunity. This is not enough to allow for removal even if the PREP Act did apply.

**D.   The PREP Act does not apply.**

Since removal is inappropriate, Plaintiff believes the PREP Act is not relevant to the Motion For Remand but will address it since raised by NHC Defendants.

The PREP Act provides the following scope of immunity:

> (a)  Liability protections
>
> (1)  In general
>
> Subject to the other provisions of this section, a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a Covered Countermeasure if a declaration under subsection (b) of this section has been issued with respect to such countermeasure.
>
> (2)  Scope of Claims for Loss
>
> (B) Scope
>
> The immunity under paragraph (1) applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a Covered Countermeasure, including a causal relationship with the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use of such

7

>countermeasure.

42 U.S.C. § 247d-6d (a)(1), (a)(2)(B).

The PREP Act's scope of immunity is limited to circumstances in which a covered countermeasure is administered to or used by an individual. Plaintiff's claim does not assert any theory of liability that is related to a drug, device or other countermeasure. Plaintiff's claims are based upon not removing COVID residents, failing to follow infection control procedures and failing to transfer Plaintiff's father after he exhibited significant COVID symptoms. Therefore, thePREP Act does not apply and cannot serve as a basis for federal question jurisdiction under 28 U.S.C. § 1331. This similar issue was recently addressed in Martin v. Petersen Health Operations, 2021 WL 4313604. In Martin, the case arose from the death of Plaintiff's mother who died after contracting COVID-19 while in a nursing home. Id. Plaintiff in that case filed suit in state court against the nursing home asserting claims for gross negligence and willful misconduct under theIllinois Nursing Home Care Act. Id. Defendant removed the case to federal court on the basis of federal question jurisdiction and entitlement to a federal forum as an agent acting under a federaloffice. Id. The Court remanded the case. Id.

Defendant also contends the PREP Act provides a complete preemption which would prevent the wrongful death claim. Preemption is often described as when a law not only eliminates a State law claim but also "provides the exclusive cause of action for the claim asserted." Beneficial Nat'l Bank v. Anderson, 539 US 1, 8 (2003). The PREP Act, even if it did apply, does not provide a cause of action for negligence or wrongful death. 42 U.S.C. § 247d-6d, 247d-6c. Therefore, Defendant's argument of preemption also fails.

**E.     The Defendant was not "acting" under a Federal Officer to allow removal.**

Defendant argues it was acting under a Federal Officer for purpose of jurisdiction under 28

8

U.S.C. § 1442(a)(1), because it was acting at the direction of a federal authority to prevent COVID-19.

28 U.S.C. § 1442(a)(1) states that a cause of action may be removed if it is against the United States or any agency thereof or any officer (or any person acting under that officer) in the United States)…. NHC Defendants do not have a special relationship with the Federal government.In Martin v. Peterson Health Operations, LLC, the court found that a nursing home may be a regulated private entity, but that does not rise to the level of a special relationship. Martin v. Peterson Health Operations, 2021 WL 4313604.

NHC Defendants' arguments fail because it was not acting under the United States, its agency, or officers. The purpose of the Section 1442 is "to protect federal officers from interference by hostile state courts." Watson v. Philip Morris Cos., 551 at U.S. 142, 157 (2007). When Defendant merely follows Federal law there is no risk of a State court overstepping its bounds. Id. at 148-49.

In Martin v. Peterson Health Operations LLC this argument was rejected, and the Court cited a number of courts that have ruled similarly pursuant to § 1442.

F.     **PREP Act Decisions from other Districts.**

The following decisions have been rendered on the issue of removal based on the PREPAct or acting at the direction of a federal officer:

1. Estate of Maglioli v. Andover Subacute Rehabilitation Center I, 478 F. Supp 3d 518 (D.N.J. 2020). (Court granted remand on subject matter jurisdiction related to PREP Act andFederal Officer argument.)

2. Robertson v. Big Blue Healthcare, Inc., 523 F. Supp 3d 1271 (D. Kansas 2021). (Court granted remand finding PREP Act did not apply to State Court action against care

   facility.)

3. Dupervil v. Alliance Health Operations, LLC, 516 F. Supp 3d 238 (E.D. New York 2021). (Court held that the PREP Act did not provide exclusive cause of action for state law claims and Defendants were not acting under federal entity, case remanded.)

4. Anson v. HCP Prairie Village KS OPCO LLC, 523 F. Supp 3d 1288 (D. Kansas 2021). (PREP Act could not be used to establish federal question jurisdiction to support removal of statelaw claims related to COVID.)

5. Estate of Jones Through Brown v. St. Jude Operating Company, LLC, 524 F. Supp 3d 1101 (D. Oregon 2021). (PREP Act did not apply to preempt state law claims.)

6. Schuster v. Percheron Healthcare, Inc., 493 F. Supp 3d 533 (N.D. Texas 2021). (State law claims for negligence and wrongful death brought against nursing home. The court remanded.)

7. Hagoubyan v. KF Rinaldi, LLC (C.D. California 2021). (Declined to follow Garcia v. Welltower OpCo Group LLC indicating "virtually every other case in this District, including many decided after Garcia, have held the PREP Act does not completely preempt state law".)

8. Estate of Maglioli v. Alliance HC Holdings LLC, 2021 WL 4890189 (2021). The Third Circuit indicates in its decision that it became the first Circuit to rule on the issues before the court.

### III.  CONCLUSION

NHC Defendants have not met their burden of showing that there is complete diversity of citizenship among the parties in this case. Therefore, this Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. NHC Defendants argue that this

10

case is removable because they filed their Notice of Removal prior to Defendants Morley-Taylor and Loraine being served pursuant to 28 U.S.C. § 1441(b)(2). NHC Defendants argument is incorrect. For 28 U.S.C. § 1441(b)(2) to apply, the case must be "otherwise removable" pursuant to 28 U.S.C. § 1332. This case is not "otherwise removable" because there is not complete diversity of citizenship among the parties.

Further, Plaintiff's Petition does not raise a federal question issue and is not brought against an entity that is acting under a federal officer. Defendant cannot create federal question jurisdiction by asserting an affirmative defense. Even if it could, the PREP Act does not apply to the claims of the Petition. The majority of reported decisions have rejected Defendant's arguments. Therefore, Plaintiff respectfully requests the Court remand the case back to the St. Louis County Circuit Court.

WHEREFORE, Plaintiff respectfully requests the Court's Order remanding the case to the Circuit Court of St. Louis County, Missouri for such other relief as this Court deems just and proper.

Respectfully submitted,

**THOMAS LAW OFFICES**

/s/ Kristin L. Arnold
MICHAEL E. CAMPBELL, 63745(MO)
KRISTIN ARNOLD, 66711(MO)
2600 Forum Blvd., Ste. B1
Columbia, MO 65203
Telephone No. 573-607-1818
Fax No. 573-606-8670
kristin.arnold@thomaslawoffices.com
mike.campbell@thomaslawoffices.com
Attorneys for Plaintiff